**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 11-cr-00784-1 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| EDUARDO TREVINO | ) | |

**ORDER**

Defendant's motion to reduce sentence [303], [309] is denied. See the accompanying Statement for details.

**STATEMENT**

Defendant Eduardo Trevino is serving a 188-month sentence after pleading guilty to being part of a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Trevino seeks a reduction of his sentence based on a retroactively applicable amendment to the United States Sentencing Guidelines ("Guidelines" or "USSG"). (Dkt. Nos. 303, 309.)[1]

With his motion, Trevino requests a sentence reduction based Amendment 821. That amendment to the Guidelines added USSG § 4C1.1, which provides a two-offense-level reduction for certain defendants who do not have any criminal history points. Although Trevino was determined to have zero criminal history points, he was sentenced in February 2018—long before USSG § 4C1.1 went into effect on November 1, 2023. But because the Guideline applies retroactively, USSG § 1B1.10(d), Trevino asks that the Court resentence him under the lower Guidelines range that would result from applying USSG § 4C1.1's two-offense-level reduction.

Although not cited in Trevino's motion, his requested relief is governed by 18 U.S.C. § 3582(c)(2). That provision permits a district court to reduce a defendant's sentence where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," subject to the 18 U.S.C. § 3553(a) factors and so long as a reduction is consistent with the applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) sets forth a two-step approach to determining sentence reductions." *United States v. Avila*, No. 17-cr-00355-1, 2024 WL 5145580, at *1 (N.D. Ill. Dec. 17, 2024). The Court must first "determine the prisoner's eligibility for a sentence modification." *Dillon v. United States*, 560 U.S. 817, 827 (2010). If the prisoner is eligible for a reduction, then the Court considers at step two any applicable 18 U.S.C. § 3553(a) factors and determines based on the particular circumstances of the case whether any reduction is warranted. *Avila*, 2024 WL 5145580, at *1.

---

[1] Trevino originally filed his motion for a sentence reduction *pro se*, but he subsequently retained counsel and filed an amended motion.

Here, Trevino's motion fails at step one. Under USSG § 4C1.1, a defendant with a criminal history score of zero qualifies for a two-offense-level reduction provided that he satisfies all of the criteria listed in the Guideline. One criterion requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)." USSG § 4C1.1(a)(10). However, Trevino did receive an aggravating-role adjustment. In particular, the Court increased Trevino's offense level by 3 levels pursuant to USSG § 3B1.1(b), after finding that he was a manager or supervisor in a criminal activity involving five or more participants or was otherwise extensive. Consequently, Trevino is ineligible for USSG § 4C1.1's two-offense-level reduction. Accordingly, his motion for a sentence reduction based on Amendment 821 is denied.

Dated: April 3, 2026

_____
Andrea R. Wood
United States District Judge

2